# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11432
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DWIGHT CLARK TONEY, also known as "D,"

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-466-5

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Dwight Clark Toney pleaded guilty, without a plea agreement, to conspiracy to distribute a controlled substance, namely 3,4-methlyenedioxy-N-ethylcathinone ("ethylone" or "Molly"). The district court sentenced him within the applicable Guidelines range to 54 months of imprisonment, to be followed by three years of supervised release. Ethylone is not listed in the Guidelines, so the presentence report (PSR) used a drug with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11432

a comparable chemical structure, methlyenedioxy-N-ethylamphetamine ("MDEA"), to determine the base offense level. S*ee* U.S.S.G. § 2D1.1, comment. (n.6). Pursuant to the commentary to § 2D1.1, the PSR converted the different controlled substances to their marijuana equivalents to determine a single offense level. For the Molly/MDEA, the PSR used the Guidelines conversion rate of one gram of MDEA to 500 grams of marijuana. On appeal, Toney argues that when the district court denied his objection to the 1:500 ratio, it committed a procedural error by failing to recognize its authority to vary from the Guidelines based on Toney's policy arguments.

The Government contends that plain error review applies because Toney failed to preserve this issue below. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if the issue was preserved, however, Toney is not entitled to relief. *See United States v. Alcantar*, 733 F.3d 143, 146 n.4 (5th Cir. 2013). The district court commits a "significant procedural error" by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the district court repeatedly referred to the Guidelines as advisory, considered the parties' arguments and the appropriate sentencing factors, and gave reasons for its sentence, which reasons were tied to those factors. Toney has not shown any error, much less a plain one. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

The district court's judgment is AFFIRMED.